IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **In re:** | * | |
| | * | **CASE NO. 23-12001-KHK** |
| **THE STONEHILL COMPANY LLC** | * | **Chapter 7** |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| **SEAN R. HESS & LINDSAY M. HESS,** | * | |
| | * | |
| Plaintiffs, | * | **Adv. Pro.** _____ |
| | * | |
| v. | * | |
| | * | |
| **THE STONEHILL COMPANY LLC,** | * | |
| | * | |
| **STONEHILL BUILDERS, LLC &** | * | |
| | * | |
| **GREGORY EASTMAN DEMPSEY,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiffs Sean R. Hess and Lindsay M. Hess (collectively "Plaintiffs" or "Hesses"), by counsel, respectfully represents that grounds exist under 11 U.S.C. § 523(a)(2)(A) to except from discharge the debt that Defendants/Debtors the Stonehill Company LLC, Stonehill Builders, LLC, and Gregory Eastman Dempsey owe to Plaintiffs. In support of their claim, Plaintiffs allege the following:

**JURISDICTION**

1. On December 21, 2023, Debtor the Stonehill Company LLC commenced the present case by filing a Chapter 7 bankruptcy petition, listing Stonehill Builders, LLC as another name.

1

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Plaintiffs consent to entry of final orders or judgments by this Court.

## PARTIES

5. Plaintiff Sean R. Hess is an adult person, who is a citizen and a resident of Warrenton, Virginia.

6. Plaintiff Lindsay M. Hess is an adult person, who is a citizen and a resident of Warrenton, Virginia.

7. Debtor/Defendant Gregory Eastman Dempsey ("Dempsey") is an adult person, who is a citizen and a resident of Haymarket, Virginia. He is engaged in the business of construction management/administration as well as residential construction in Virginia as the owner of The Stonehill Company LLC and Stonehill Builders, LLC.

8. Debtor/Defendant the Stonehill Company LLC ("Stonehill Company") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia.

9. Debtor/Defendant Stonehill Builders LLC ("Stonehill Builders) is a limited liability company organized and existing under the laws of the Commonwealth of Virginia.

10. While Stonehill Company listed Stonehill Builders as an assumed name in the subject Chapter 7 Petition, they are in fact separate and distinct entities.

## FACTUAL BACKGROUND

11. As explained in more detail below, this dischargeability objection arises out of the Debtors' fraudulent misrepresentations and omissions concerning Stonehill Builders business' construction licensure and the use of Plaintiffs' funds. Plaintiffs request the entry of a money

2

judgment against the Debtors and a determination that the judgment is nondischargeable.

12. Dempsey, through his businesses, Stonehill Builders and Stonehill Company, filed suit against the Plaintiffs in the Circuit Court for Fauquier County, Virginia on May 22, 2023. Plaintiffs have counterclaims against the Debtors, including fraud in violation of the Virginia Consumer Protection Act; actual fraud; fraud in the inducement; and piercing the corporate veil. While no trial date has yet been set, the parties are engaged in active litigation.

13. The subject cause of action centered on a property located at 8189 Summerfield Hills Drive, Warrenton, VA 20186 (the "Property").

14. In February 2021, the Hesses entered into an agreement with Stonehill Builders to build a residence on the property.

15. According to the Virginia Department of Profession and Occupational Regulation ("DPOR"), Stonehill Builders is not a licensed contractor company with the Commonwealth of Virginia. *See* Exhibit 1, Virginia DPOR Contractor License Lookup for "Stonehill."

16. As Stonehill Builders is not a licensed contractor company, Stonehill Builders' activity in this matter were prohibited by Va. Code § 54.1-1115(A)(1) and in violation of the Virgina Consumer Protection Act. Va. Code § 59.1-196 *et seq.*.

17. Stonehill Builders' alleged contract with the Hesses is void as a matter of public policy and law. *See F. S. Bowen Elec. Co. v. Foley*, 194 Va. 92, 100-101 (1952*); see also, Colbert v. Ashland Const. Co.*, 176 Va. 500, 507, 11 S.E.2d 612, 615 (1940); *Massie v. Dudley*, 173 Va. 42, 51 (1939).

18. The parties agreed to financing through Intercoastal Mortgage, LLC ("Intercoastal") whereby Stonehill Builders would draw payment amounts from Intercoastal after set milestones in construction had been completed in order to pay for materials and subcontractors

used to complete said milestones.

19. Upon information and belief, based on the testimony of Dempsey during his Section 341 meeting of Creditors, the Defendants did not use such payments to pay for the materials and subcontractors used at the Property, instead using commingled funds to pay for Stonehill Company and Stonehill Builders' other payments and expenses, unrelated to the Property.

20. Due to the Defendants' actions, subcontractors who worked at the Property are now pursuing the Plaintiffs for funds that rightly should have been paid them by Stonehill Builders.

21. The Plaintiffs have claims against Stonehill Company, and Stonehill Builders for fraud in violation of the Virginia Consumer Protection Act, actual fraud, and fraud in the inducement due to the Defendants' misrepresentations to the Plaintiffs which induced them to enter into an illegal contract with Stonehill Builders and due to the Defendants' fraudulent use of Plaintiff's funds.

22. The Plaintiffs will be able to pierce the corporate veils of Stonehill Company and Stonehill builders in order to have claims against Dempsey for fraud in violation of the Virginia Consumer Protection Act, actual fraud, and fraud in the inducement due to his failure to observe corporate formalities.

23. Due to the Debtors' actions, the Plaintiffs have been unable to finish building their residence at the Property in a timely manner. This in turn has caused them to need to pullback from their 401k accounts, liquidate their savings account, and max out credit cards to finish the home as their bank would not fund them after the Debtors actions caused multiple mechanic liens to be placed on the property. They have also needed to expend funds to rent a residence for the extended duration of construction; deal with increased construction loan payments; increased mortgage loan rates (if the house had been completed as planned in December 2021 the mortgage rates were

2.85% and they are now 7-8%); and damaged the Plaintiffs' credit scores. Additionally, the Plaintiffs are left without warranties on the Property, no post settlement fixes, an ungraded Property, no driveway, and no windows screens, despite having paid the Debtors for said windows and screens. The window screens, per warehouse (Builder Supply Manassas), were delivered to Stonehill and are in Stonehill procession.

**COUNT I**
**Violations of the Virginia Consumer Protection Act**

24. Plaintiffs repeat and reallege the allegations in the above paragraphs as if more fully set forth herein verbatim.

25. Defendants are "suppliers" within the meaning of the Virginia Consumer Protection Act. *See* Va. Code § 59.1-198.

26. Pursuant to Va. Code § 59.1-200(14), the Defendants were prohibited from using "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

27. Pursuant to Va. Code § 59.1-200(46), the Defendants were prohibited from violating the provisions of clause (i) of subsection B of § 54.1-1115 by failing to have a valid Virginia contractor's license when required.

28. The representations made by Dempsey to Plaintiffs concerning Stonehill Builders were false when made to secure an illegal contract and obtain funds to pay off unrelated debts.

29. Defendants knew or should have known that the representations were false when made, especially because Greg Dempsey also was a member of Stonehill Company.

30. Defendants made the representations with the present intent to deceive Plaintiffs regarding Stonehill Builder's lack of a contractor license and to induce Plaintiffs to enter into an illegal contract with Stonehill Builders.

31. Defendants also made representations with the present intent to deceive Plaintiffs and to fraudulently use Plaintiff's funds to pay unrelated debts.

32. Plaintiffs reasonably, justifiably relied on the representations.

33. In justifiable reliance on the representations, Plaintiffs paid Defendants, through Stonehill Builders, funds totaling $708,000.00.

34. The representations were material. But for the representations, Plaintiffs would not have paid Debtor, through Stonehill Builders, $708,000.00.

35. The violations committed by Defendants proximately caused Plaintiffs to incur damages, as detailed above.

36. Plaintiffs aver that they sustained damages of no less than $1 million dollars as a direct and proximate result of the Defendants' violations of the Virginia Consumer Protection Act, as alleged herein. Plaintiffs reserve the right to amend the amounts sought in this action to conform to proof presented at trial.

## COUNT II
**Actual Fraud**

37. Plaintiffs repeat and reallege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

38. The representations made by Defendants to Plaintiffs concerning Stonehill Builders were false when made to obtain funds to pay off unrelated debts.

39. Defendants made these false representations and omissions knowingly with the intent to mislead the Plaintiffs regarding the use of their funds so that Defendants could profit from the transaction.

40. Defendants' false misrepresentations including, but are not limited to, the legality of the agreements, the use of the funds, how the funds would be distributed, and the timeline for

the project.

41. Plaintiffs were reasonably justified in relying on Defendants' representations about the transaction.

42. As a direct and proximate result of relying on the Defendants' misrepresentations, Plaintiffs continued to do business with the Defendants and sustained significant actual and consequential damages, which total at least $1 million dollars, as alleged herein. Plaintiffs reserve the right to amend the amounts sought in this action to conform to proof presented at trial.

## COUNT III
### Fraud in the Inducement

43. Plaintiffs repeat and reallege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

44. The representations made by the Defendants to Plaintiffs concerning Stonehill Builders' status as a licensed contractor were false when made to secure an illegal contract.

45. The Defendants were aware that Stonehill Builders was not a licensed contractor in Virginia.

46. Defendants' misrepresentations were false and were made knowingly and intentionally to cause Plaintiff to enter into the subject agreement.

47. Defendants' misrepresentations were material to Plaintiff's decision to enter into the subject agreement.

48. In making the false representations, Defendants intended Plaintiffs to act on the false representation and enter into the subject agreement.

49. Plaintiffs did not know the Defendants' representations were false and reasonably relied on their belief that the representations were true in deciding to enter the subject agreements.

50. As a direct and proximate result of replying on the Defendants' misrepresentations,

7

Plaintiffs have significant actual and consequential damages, which total at least $1 million dollars, as alleged herein. Plaintiffs reserve the right to amend the amounts sought in this action to conform to proof presented at trial.

**COUNT IV**
**Piercing the Corporate Veils as to All Three Counts**

51. Plaintiffs repeat and reallege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

52. Upon information and belief, Defendant Dempsey is the owner of Stonehill Company and Stonehill Builders.

53. As described above, Defendant Dempsey has used Stonehill Company and Stonehill Builders as a single entity, instead of two distinct and separate legal entities, and as shells behind which to commit fraud, to perpetrate wrongdoing, and to gain unfair advantage over the Plaintiffs by misrepresenting Stonehill Builder's contractor license status, the relationship between Stonehill Builders and Stonehill Company, and by comingling funds for Plaintiffs' construction project.

54. During the Section 341 Meeting of Creditors, Defendant Dempsey admitted to depositing all funds Stonehill Company and Stonehill Builders received into a single bank account and using them to improperly pay for work and materials for various clients, in violation of corporate formalities.

55. For the reasons stated, the Court should pierce Stonehill Company and Stonehill Builders corporate veil and disregard their existences as limited liability companies.

56. Equality and justice mandate that Defendant Dempsey by held individually liable for the debts of Stonehill Company and Stonehill Builders in connection with this matter, including those for Violations of the Virgina Consumer Protection Act, Actual Fraud and Fraud in the

Inducement.

**WHEREFORE**, Plaintiffs request that this Court (i) use its equitable powers to pierce the corporate veil and make Defendant/Debtor Gregory Eastman Dempsey liable for the debts of the Stonehill Company, LLC, and Stonehill Builders, LLC as sough herein; (ii) enter a money judgment against Defendants/Debtors Gregory Eastman Dempsey, the Stonehill Company, LLC, and Stonehill Builders, LLC, jointly and severally, and in favor of Plaintiffs for all $1 million dollars, plus attorney's fees; (iii) determine that such judgment is not dischargeable; and (iv) grant Plaintiffs such other and further relief as the Court deems proper.

Respectfully submitted,

Sean R. Hess &
Lindsay M. Hess

By Counsel,

*/S/ Gregory T DuMont*

Gregory T. DuMont (VSB No. 40959)
**OFFIT KURMAN, P.C.**
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA  22182
Telephone:  (703) 745-1820
Facsimile:  (703) 745-1835
Gregory.DuMont@offitkurman.com
*Counsel for Defendants Sean R. Hess
and Lindsay M. Hess*

4879-1020-0494, v. 1